**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Robert V. Towle

    v.                                   Civil No. 12-cv-254-PB

Coos County Superior Court[1]


**REPORT AND RECOMMENDATION**


    Proceeding pro se and in forma pauperis, pretrial detainee

Robert V. Towle has filed a petition for a writ of habeas corpus

(doc. no. 1), seeking relief from certain pretrial orders

imposed by the Coos County Superior Court ("CCSC") in Towle's

pending state criminal proceedings.[2]  The matter is before this

court for preliminary review to determine whether Towle's claims

are facially valid and cognizable in a federal habeas action.

See Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts ("§ 2254 Rules"); United States

———————————————

[1]The proper respondent in this case is the Superintendent of
the Carroll County Department of Corrections, the facility in
which Towle is presently incarcerated.  Because the court
recommends the petition be dismissed on other grounds, there is
no present need to require Towle to amend his petition to name
the proper respondent.

[2]Towle has also filed a motion seeking a preliminary
injunction (doc. no. 3) which has not at this time been referred
to the magistrate judge for consideration.

District Court District of New Hampshire Local Rule ("LR")
4.3(d)(2) (magistrate judge conducts preliminary review of
initial filings by inmates to determine, among other things,
whether the filing states any claim upon which relief might be
granted).

## Background

I.   Procedural Background

    A.   State Criminal Charges

Towle was initially indicted and charged with possession of
child pornography on August 14, 2006, and was granted personal
recognizance bail pending trial.  On December 8, 2006, Towle
pleaded guilty and was sentenced to 3 ½ - 7 years in prison.  On
February 9, 2010, the New Hampshire Supreme Court ("NHSC")
reversed that conviction and remanded the matter to the superior
court for retrial.

In 2008, while Towle's appeal of the child pornography
charges was still pending, Towle was indicted on four counts of
aggravated felonious sexual assault and related counts of
criminal liability for the conduct of another.  The superior
court again granted Towle personal recognizance bail.  On
January 27, 2010, approximately two weeks before the child

pornography convictions were reversed, Towle was convicted of
the sexual assault charges.  On March 4, 2010, several weeks
after the child pornography charges were reversed, Towle was
sentenced to 57-114 years on the sexual assault charges.

Although the state initially sought to reprosecute Towle on
the child pornography charges, it decided to nol pros those
indictments on May 10, 2010, due to Towle's receiving a lengthy
prison sentence on the sexual assault charges.  Towle asserts
that the superior court judge allowed the nol pros over Towle's
objection, as Towle wanted to have a trial at which he could be
exonerated of the possession charges.

On December 14, 2011, the NHSC reversed Towle's sexual
assault convictions and remanded the case to the superior court
for a retrial.  On December 15, 2011, the prosecutor in the
sexual assault case made a public statement indicating that he
was disappointed in the NHSC's decision and would seek high cash
bail in order to keep Towle "behind bars" pending his retrial on
the sexual assault charges.  When Towle was rearraigned on those
charges, he was held on cash bail pending trial.

Apparently in response to the reversal of Towle's sexual
assault conviction, the state reindicted Towle on the child
pornography charges.  Towle was arraigned on those charges on

March 1, 2012, almost six years after they were initially
brought and twenty-two months after they had been nol prossed.
The superior court set cash bail on those charges as well.

    B.   State Court Litigation

Since December 2011, Towle has been held pretrial on the
sexual assault charges, and has been held on the child
pornography charges since March 2012, unable to post bail in
either case.  Since being so detained, Towle has filed several
motions in the state courts relevant to this federal habeas
action, specifically: (1) a motion to recuse two judges whom, he
alleges, have demonstrated bias by, among other things, setting
cash bail on his cases after they were remanded; (2) a motion to
reduce bail to personal recognizance; and (3) a motion to
dismiss the child pornography charges based on a speedy trial
violation.  Each of these motions was denied by the superior
court.

On April 19, 2012, Towle filed a petition for a writ of
habeas corpus and a petition for original jurisdiction in the
NHSC.  On June 6, 2012, Towle filed a motion for injunctive
relief in the NHSC.  On June 11, 2012, the NHSC denied the
habeas petition and the motion to exercise original
jurisdiction, mooting the motion for injunctive relief.  See In

4

re Towle, No. 2012-272 (N.H. June 11, 2012) (denying petition

for original jurisdiction and deeming motion for injunctive

relief to be moot).


II.  Federal Habeas Claims

Towle now files this habeas petition (doc. no. 1).  After

careful review of the petition, the court finds that it asserts

the following claims for relief:

> 1.   Towle is illegally incarcerated in violation of
> the Eighth Amendment's prohibition of excessive bail, where
> the superior court originally granted Towle personal
> recognizance bail, but later set cash bail when Towle's
> convictions were reversed and the charges remanded, as
> Towle's circumstances relevant to bail had not otherwise
> changed.

> 2.   Towle is illegally incarcerated pending trial on
> child pornography charges because the trial court allowed
> the state to nol pros the case over Towle's objection, and
> then reindict Towle twenty-two months later on the same
> charges, in violation of Towle's Sixth Amendment right to a
> speedy trial.

> 3.   Towle is illegally incarcerated pretrial in
> violation of his Fourteenth Amendment due process right to
> an impartial judge, because two superior court judges who
> have issued rulings in his case are biased against him.

The relief sought by Towle through his federal habeas petition

includes a request for a declaratory judgment that the state

superior court lacks jurisdiction over the pending prosecutions.

**Discussion**

I.   <u>Standard for Preliminary Review of Habeas Petition</u>

The court is required to promptly examine an inmate's habeas petition to determine whether the petition, on its face, states a cognizable claim for relief.  <u>See</u> § 2254 Rule 4; <u>see also</u> § 2254 Rule 1(b) (allowing court to apply § 2254 rules to habeas corpus petitions not filed under § 2254).  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judged must dismiss the petition."  § 2254 Rule 4.  In making this determination, the court must construe the petition liberally.  <u>Cf.</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (court must construe pro se complaint liberally).  To survive preliminary review, the petition must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>Sepúlveda-Villarini v. Dep't of Educ.</u>, 628 F.3d 25, 29 (1st Cir. 2010).

II.   <u>Pretrial Federal Habeas Relief</u>

"With the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief,

6

as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings." In re Justices of the Super. Ct. Dep't of the Mass. Trial Ct., 218 F.3d 11, 19 (1st Cir. 2000) (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489 (1973)). "[F]ederal courts have routinely rejected petitions for pretrial habeas relief," as considerations of comity require federal court abstention where a criminal defendant seeks "to derail a pending state criminal proceeding." In re Justices, 218 F.3d at 18 (internal quotation marks and citations omitted).  An exception to the general rule prohibiting pretrial habeas relief exists where petitioner claims a violation of his right to a speedy trial, and where the requested relief is an immediate trial, not dismissal of the charges. See id. at 17 n.5 (citing Braden, 410 U.S. at 489-90).

Towle's claims, numbered Claims 1 and 3 above, alleging constitutional violations based on excessive bail and biased judges, are not excepted from the general prohibition against pretrial habeas actions. See In re Justices, 218 F.3d at 18. These claims are therefore not properly before the court in a pretrial habeas action.

Towle's speedy trial claim, numbered Claim 2 above, seeks an order from this court declaring that the superior court lacks jurisdiction over his criminal case.  The relief Towle seeks is tantamount to a request that this court direct dismissal of the state prosecution.  The relief sought by Towle cannot be provided without derailing the state criminal proceeding, and the claim at issue does not fall within the limited speedy trial exception to the general rule prohibiting pretrial habeas relief.  Because Towle has not asserted any claim upon which relief can be granted at this time, the court recommends that the petition be dismissed without prejudice to refiling at "a time when federal jurisdiction will not seriously disrupt state judicial processes."  See id. at 18 (internal quotation marks and citation omitted).

## Conclusion

For the foregoing reasons, the court recommends that Towle's habeas petition (doc. no. 1) be dismissed without prejudice.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d

52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012);

Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564

(1st Cir. 2010) (only issues fairly raised by objections to

magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 7, 2012

cc:  Robert V. Towle, pro se

LBM:jba